**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NEIL SHEEHAN,<br><br>      Plaintiff,<br><br>   v.<br><br>COSTCO TRAVEL, INC., MARRIOTT INTERNATIONAL, W HOTELS, WESTIN HOTELS & RESORT, W RESERVA CONCHAL, COSTCO WHOLESALE CORPORATION, MARRIOTT INTERNATIONAL, INC., JOHN DOE(S) I-V, JOHN DOE(S) VI-X and JOHN DOE(S) XI-XV,<br><br>      Defendants. | CIVIL ACTION NO.: 2:26-cv-01109 |

**DEFENDANT MARRIOTT INTERNATIONAL, INC.'S
<u>NOTICE OF CONSENT TO REMOVAL</u>**

Defendant Marriott International, Inc. ("MII") submits this Notice of Consent to Removal and states as follows:

1.      MII is a nominal party to this action and its consent to removal is not required. In any event, out of an abundance of caution, MII consents to the removal of this action to this Court. MII agrees that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332 and that removal is proper.

2.      MII is a publicly traded company incorporated in Delaware with its principal place of business in Bethesda, Maryland. MII is registered to do business in Pennsylvania. *See* Declaration of Jack Tamburello ("Tamburello Dec."), ¶ 4 (attached).

3.      On February 20, 2026, Defendants Costco Wholesale Corporation and Costco Travel, Inc. (the "Costco Defendants") filed a Notice of Removal, removing this case from the

1

Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. §§ 1332, 1441, and 1446.

4.      Plaintiff served MII with the Complaint by Certified Mail on February 12, 2026. Under 28 U.S.C. § 1446(b), if MII was not a nominal party, it had until March 16, 2026—the first business day after 30 days from February 12, 2026—to file its notice of consent to removal or join the Costco Defendants' Notice of Removal.

5.      Under 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served must join in or consent to removal.

6.      This rule of unanimity "may be disregarded where: (1) a non-joining defendant is an unknown or nominal party; or (2) where a defendant has been fraudulently joined." *Balazik v. County of Dauphin,* 44 F.3d 209, 213 (3d Cir. 1995).

7.      Nominal parties "are generally those without a real interest in the litigation." *See Bumberger v. Ins. of N. Am.,* 952 F.2d 764, 767 (3d Cir. 1991). A federal court "must disregard nominal or formal parties" and base its jurisdiction "only upon the citizenship of parties with 'a real interest in the litigation.'" *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 358 (3d Cir. 2013) (quoting *Bumberger*, 952 F.2d at 767). Nominal parties tend to be "formal parties without any stake in the outcome." *Bancorp, Inc. v. Yaron, 2015 WL *4876330 .*

8.      Even if MII's formal consent to removal is admittedly late, MII's consent to removal is unnecessary as a nominal party.

9.      Here, MII does not own or operate the W Reserva Conchal—the hotel where the alleged injury occurred—and has no contractual relationship with the hotel. *See* Tamburello Dec., ¶ 5. MII's wholly owned indirect subsidiary, W International Hotel Management, Inc. ("WIHM"), manages the hotel for the hotel owner, Desarrolo Hoteleros Guanacaste, S.A. *See id.*, ¶¶ 6-9.

2

10.     WIHM is a Delaware corporation headquartered in Maryland. *See id*., ¶ 6. It is not registered to do business in Pennsylvania. *See id*. It manages and operates hotels under the "W Hotels" brand outside the United States. *See id*., ¶ 7. WIHM does not manage or operate hotels within the United States, including Pennsylvania. *See id*. ¶ 7

11.     WIHM maintains its own board of directors, officers, and financial accounting. *See id*., ¶ 8. While some overlap in officers exists between MII and WIHM—as is typical of a parent-subsidiary relationship—WIHM is a separate corporate entity with its own governance. *See id*.

12.     Generally, a parent corporation is not liable for the acts of its subsidiary. *See Lowenstein v. Catholic Health East*, 820 F. Supp. 2d 639, 644-45 ("It is well settled that a parent corporation, like any stockholder, is not normally liable for the wrongful acts . . . of a subsidiary even if or simply because the parent wholly owns the subsidiary." (cleaned up)); Plaintiff has alleged no facts that would justify imputing WIHM's purported conduct to MII, or in other words, piercing the corporate veil. *See Berk v. J.P. Morgan Chase Bank, N.A., 2011 WL *4467746* ("[P]arental liability for a subsidiary's acts is appropriate either when a subsidiary is not a separate and independent corporation, but rather the alter ego of the parent company, or if the subsidiary is an agent for the parent in a specific transaction."). No facts exist that could support such an argument anyway.

13.     On MII qualifying as a nominal party here, the Third Circuit's decision in *Johnson* is instructive. There, SmithKline Beecham was a dormant Pennsylvania entity that had reincorporated in Delaware as GlaxoSmithKline, LLC. While SmithKline Beecham still existed under Pennsylvania law, GSK had inherited all its liabilities. The Third Circuit held that SmithKline Beecham was a nominal party because it had "no actual interest in the outcome of the litigation." 724 F.3d at 359. The same principle applies here—from the opposite direction. In

3

*Johnson*, the successor entity absorbed the named defendant's liabilities, leaving the named defendant an empty shell. Here, a parent does not inherit a subsidiary's liabilities absent a showing that the corporate form should be disregarded. Plaintiff has made no such showing. Plaintiff has not even alleged—and has no plausible facts to allege—that WIHM is the alter ego of MII. MII has no more interest in WIHM's liabilities than SmithKline Beecham had in the liabilities GSK assumed. MII is a nominal party whose citizenship and consent are unnecessary for removal.

14.     Further, not only is MII a nominal party, naming MII as a defendant is an attempt from Plaintiff to circumvent personal jurisdiction issues it faces with WIHM. To be sure, naming a parent as a defendant to avoid personal jurisdiction issues with its subsidiary that operates a hotel in Costa Rica does not qualify as fraudulent joinder for removal purposes, but it comes from the same sandbox. While this Court would have general jurisdiction over *MII under Mallory v. Norfolk S. Ry.,* 600 U.S. 122 (2023), *Mallory* does not reach WIHM because it is not registered to do business in Pennsylvania and is not headquartered or incorporated here. The Court would not have specific jurisdiction over WIHM either. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) (WIHM's "suit-related conduct must create a substantial connection with the forum State."); *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 264 (quoting *Goodyear Dunlop Tires Operations v. Brown,* 564 U.S. 915, 919 (2011)). Plaintiff's injury near the W Reserva Conchal in Costa Rica does not arise from WIHM's contacts in Pennsylvania—which, if they exist, are limited. If the W Reserva Conchal's appearance on the general Marriott website for booking reservations could create some contact with Pennsylvania, the Third Circuit has found such passive websites to be insufficient. *See Hasson v. FullStory, Inc.,* 114 F.4th 181, 192 (3d Cir. 2024) (finding a passive website that allows a user to filter for certain store locations "does not constitute express aiming at Pennsylvania."); *Cf. Fidrych v. Marriott Int'l,* 952 F.3d 124, 143 (4th Cir. 2020) (a passive

website allowing users to filter for hotels for certain locations "d[id] not[] . . . strengthen the jurisdictionally relevant connections between Marriott" and the forum.).

15.    The Complaint names several other defendants purportedly related to MII that are nonexistent, fictitious entities: "Marriott International," "Westin Hotels & Resort," and "W Reserva Conchal." None of these entities exists. *See* Marriott Int'l, Inc., Annual Report (Form 10-K) (Feb. 10, 2026) ("MII 10-K"), Exh. 21 (listing subsidiaries of MII showing none of these entities are subsidiaries of MII) (the following link to Exhibit 21 is provided as a courtesy, https://www.sec.gov/Archives/edgar/data/1048286/000104828626000007/mar-2025q4xexx21.htm). "Marriott International" is not a legal entity—MII's correct legal name is Marriott International, Inc. *See* MII 10-K, Title Page. "Westin Hotels & Resort" is a brand name, not a corporate entity. *See* MII 10-K, Exh. 21. "W Reserva Conchal" is the name of a hotel, not a legal entity. *See id.* These fictitious defendants are themselves nominal parties that cannot consent to removal because they do not exist. Their inclusion in the caption underscores the deficiencies in Plaintiff's identification of the proper parties here.

16.    The Complaint also names "W Hotels" as a defendant. "W Hotels" is also a brand name, not a legal entity. *See id.* On information and belief, it is unclear whether Plaintiff served "W Hotels" with the initial Complaint. To the extent "W Hotels" has not been served, its consent to removal is not required as it too, is a nominal party. To the extent it has been served, it is a fictitious, nominal party for the same reasons set forth above.

17.    MII reserves all defenses, including, but not limited to, lack of personal jurisdiction, insufficient service of process, failure to state a claim upon which relief can be granted, fraudulent joinder, and nominal-party status. Nothing in this Notice constitutes a waiver of any defense or right available to MII.

Date: 3/27/2026

Respectfully submitted,

***WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP***

*By:*   */s/ Ahmad Awadalla*
  *Ahmad Awadalla, Esquire*
  *2000 Market St., Ste 1300*
  *Philadelphia, PA  19103*
  *ahmad.awadalla@wglaw.com*
  *Attorney for Defendants, Marriott International, Inc, Marriott International, Westin Hotels & Resort, and W Reserva Conchal*

6

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2026, a true and correct copy of the foregoing Defendant Marriott International, Inc.'s Notice of Consent to Removal was served upon all counsel of record via the Court's CM/ECF electronic filing system.

By:  /s/ Ahmad Awadalla
Ahmad Awadalla, Esquire
2000 Market St., Ste 1300
Philadelphia, PA  19103
ahmad.awadalla@wglaw.com
Attorney for Defendants, Marriott International, Inc, Marriott International, Westin Hotels & Resort, and W Reserva Conchal