# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NEIL SHEEHAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COSTCO TRAVEL, INC., MARRIOTT | : | |
| INTERNATIONAL, W HOTELS, WESTIN | : | |
| HOTELS & RESORT, W RESERVA | : | |
| CONCHAL, COSTCO WHOLESALE | : | |
| CORPORATION, MARRIOTT | : | |
| INTERNATIONAL, INC., JOHN DOE(S) | : | |
| I-V, JOHN DOE(S) VI-X, and JOHN | : | |
| DOE(S) XI-VI | : | NO. 26-1109 |

## MEMORANDUM

**Savage, J.**                                                                                    **May 14, 2026**

Plaintiff Neil Sheehan moves to remand this personal injury action to the Philadelphia County Court of Common Pleas pursuant to 28 U.S.C. § 1446(b). He argues defendants Costco Wholesale Corporation and Costco Travel, Inc.'s ("Costco Defendants") removal to federal court was improper because they failed to obtain the consent of the other defendants.[1]

Costco Defendants argue consent to remove the action was not required because Westin Hotels & Resort, W Reserva Conchal, W Hotels, and Marriott International are fictitious names and Marriott International, Inc. is a nominal party.[2]

---

[1] Plaintiff's Memorandum of Law in Support of Motion to Remand to the Philadelphia County Court of Common Pleas Pursuant to 28 U.S. Code § 1446(b) ["Pl.'s Mem. Supp. Mot. Remand"] 3, ECF No. 12-1.

[2] Defendants Costco Travel, Inc. and Costco Wholesale Corporation's Response in Opposition to Plaintiff's Motion to Remand ["Def.'s Opp'n Mot. Remand"] 5, ECF No. 22.

We conclude that Marriott International, Inc. is not a nominal party and the Costco Defendants failed to obtain its consent when they removed the action. Thus, we will grant the motion to remand.

## Background

Sheehan filed his complaint in the Philadelphia Court of Common Pleas on February 3, 2026.[3] On February 9, 2026, he served Westin Hotels & Resort, Costco Travel Inc., Marriott International, Inc., W Reserva Conchal, and W Hotels.[4] On February 10, 2026, he served Marriott International, and four days later he served Costco Wholesale Corp.[5] The Costco Defendants filed the notice of removal on February 20, 2026.[6] The notice did not include consent to removal from Marriott International, Inc., Marriott International, W Hotels, W Hotels & Resort, and W Reserva Conchal.[7]

Marriott International, Inc. belatedly filed a notice of consent on March 31, 2026, fifty days after it had been served with the complaint.[8] It identified its wholly owned subsidiary, W International Hotel Management, Inc., as the entity which manages the W Reserva Conchal, the hotel in Costa Rica where Sheehan was injured.[9]

## Standard of Review

A defendant seeking to remove a state court action over which the federal court

---

[3] Plaintiff's Motion to Remand ["Pl.'s Mot. Remand"] ¶ 1, ECF No. 12.

[4] *Id.* ¶ 2.

[5] *Id.*

[6] *Id.* ¶ 3.

[7] Notice of Removal of Civil Action ["Notice"], Ex. A to Pl.'s Mot. Remand, ECF No. 12-4. Doe defendants are not a part of our analysis. *See Green v. Am. Online*, 318 F.3d 465, 470 (3d Cir. 2000).

[8] See Defendant Marriott International, Inc.'s Notice of Consent to Removal, ECF No. 23.

[9] Notice ¶ 9.

has original jurisdiction must do so within thirty days of receipt of the first pleading from which it can be ascertained that the case is removable. 28 U.S.C. §§ 1441(a), 1446(b)(1). All defendants who have been properly joined and served must "join in or consent to the removal of the action" within the thirty-day time period. 28 U.S.C. § 1446(b)(2)(A) and (B); *see Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 359 n.27 (3d Cir. 2013). The failure to obtain the consent of all defendants is a procedural defect warranting remand. *See Albert v. Bayerische Motorenwerke*, 45 F. App'x 170, 171–72 (3d Cir. 2002) (citing *Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995)); *Kovalev v. City of Philadelphia*, 790 F. Supp. 3d 455, 462 (E.D. Pa. 2025) (Kearney, J.); *Garcia v. Dial*, 757 F. Supp. 3d 622, 626 (E.D. Pa. 2024) (McHugh, J.).

The unanimity rule may be disregarded where a non-consenting defendant is a nominal party or has been fraudulently joined. *Balazik*, 44 F.3d at 213 n.4. "Nominal parties are generally those without a real interest in the litigation." *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991) (citation omitted); *see Johnson*, 724 F.3d at 359.[10]

Within thirty days of removal, the plaintiff may move to remand the action based on any procedural defect in the removal process. 28 U.S.C. § 1447(c). We must strictly construe the removal statute in favor of remand to state court jurisdiction. *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014); *Garcia*, 757 F. Supp. 3d at 626.

---

[10] Courts define nominal in different ways. *See Moore's Federal Practice* § 107.42 (2026) ("A party has been considered nominal if there is no possibility the plaintiff would be able to establish a cause of action against the party [2d & 5th Circuits] … a defendant is nominal if there is no reasonable basis to impose [ ] legal liability [7th Circuit].").

**Analysis**

Sheehan's complaint was properly served on the named defendants. The Costco Defendants filed a timely notice of removal. The notice did not indicate that the non-removing defendants consented to removal as required by the rule of unanimity. Marriott International, Inc.'s consent was too late.

The Costco Defendants suggested that Marriott International, Inc. was "expected to consent to removal."[11] The rule requires unequivocal affirmative consent. Marriott International, Inc.'s "admittedly late" notice of consent to removal does not cure the defect. *See Kovalev*, 790 F. Supp. 3d at 463 (declining to allow amendment curing a removal defect because "the thirty-day limitation is mandatory, and the court is without authority to expand it.") (quoting *Ogletree v. Barnes*, 851 F. Supp. 184, 190 (E.D. Pa. 1994)).

The Costco Defendants argue Marriott International, Inc. is a nominal party with no interest in the litigation. They contend that as the parent corporation of the subsidiary that manages the W Reserva Conchal, Marriott International, Inc. cannot be held liable for the subsidiary's conduct. The relationship between the two is an issue to be decided. We cannot determine what role each played. Indeed, plaintiff alleges specific acts and omissions imposing liability on Marriott International, Inc. It is an active corporation, exposed to potential liability. It is not a nominal defendant. Its consent to removal was required. Thus, we will grant the motion to remand.

---

[11] Def.'s Opp'n Mot. Remand 5.

4